himself, and a demand made upon a driver or other agent or servant of the company is not sufficient, unless there is an express rule or recognized custom in the mine to make a demand on such other persons.

3.   MINES AND MINERALS, § 191*—when instruction as to demand for props erroneous.   In an action by a miner for injuries sustained by the fall of a roof of a mine in which he was working, where the declaration charged the defendant with wilful failure to provide plaintiff with props when demanded, an instruction given for plaintiff requiring defendant to supply props when demanded, with no explanation that the statute requires that the demand should have been made on a certain person, held erroneous.

4.   MINES AND MINERALS, § 194*—when refusal of requested instruction reversible error.   In an action by a miner to recover for injuries alleged to have resulted from the wilful failure of defendant to furnish props, refusal of a requested instruction to find defendant not guilty if the injury to plaintiff was caused by his own want of care and not by reason of any violation of law, held reversible error, there being evidence that immediately after the accident a number of props were found in the room where plaintiff was working, and it was not clear but that he might have avoided the accident by using such props.

---

## Ella McCorkle, Appellant, v. Estate of John McGinnis, Appellee.

### Gen. No. 5,940.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding.   Heard in this court at the April term, 1914.   Affirmed.   Opinion filed July 31, 1914.

### Statement of the Case.

Action by Ella McCorkle against the Estate of John McGinnis, deceased, to recover for plaintiff's services in nursing and caring for the deceased in his lifetime. Trial was had upon plaintiff's claim in the Probate Court before a jury and the issues were found for the estate.   Plaintiff appealed to the Circuit Court, in

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

which a verdict was returned in her favor for $1,750. A motion by plaintiff for a new trial was overruled, and judgment was entered upon the verdict. The plaintiff, not satisfied with the amount of the judgment, appeals.

W. T. WHITING, for appellant.

JUDSON STARR, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. DAMAGES, § 190*—*when amount of verdict for services will be sustained.* The amount of the verdict recovered by plaintiff in an action against the estate of her deceased uncle for nursing and caring for him during his illness, *held* not grossly inadequate and against the weight of the evidence, it appearing there was no dispute as to the weekly sum to be paid, but the evidence was conflicting as to the number of weeks which the deceased required care for which she was to be paid.

2. APPEAL AND ERROR § 1547*—*when giving of instruction assuming facts harmless.* In an action by the plaintiff against the estate of her deceased uncle for nursing and caring for him in his ill health, error in the giving of instructions which assumed that plaintiff was a member of the family of deceased during the time she nursed and cared for him, and stating plaintiff could not recover in such case, *held* harmless where the jury found by its verdict that she was not a member of the family and allowed her a verdict for an amount they thought proper under the evidence.

3. APPEAL AND ERROR, § 1464*—*when error in ruling on competency of witness harmless.* Error in refusing to permit a witness to testify on the ground of incompetency, *held* harmless where the testimony was of slight importance and other witnesses had already testified to the matter in detail.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.